UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 0:22-cv-60252

JOAO BATISTA and MARCIA
B. UBERABA BATISTA,

    Plaintiffs,

vs.

BETINHO'S BAR, INC. D/B/A
FEIJAO CON ARROZ, and
PATRICIA C. BRITO,
individually,

    Defendants.

## COMPLAINT

1. Plaintiffs, Joao Batista and Marcia B. Uberaba Batista ("Plaintiffs") bring this action against Defendants, Betinho's Bar, Inc. d/b/a Feijao Con Arroz (Defendant "FCA") and Patricia C. Brito, individually (Defendant "Brito") (collectively, FCA and Brito shall be referred to as "Defendants") for overtime compensation, liquidated damages, reasonable attorneys' fees and costs, and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 *et. seq*; unjust enrichment; and unpaid wages pursuant to Sec. 448.08.

2. During all material times, Plaintiffs have been individuals above the age of eighteen, and resident of Broward County, Florida, and are otherwise *sui juris*.

3. During all material times, Defendant conducted business within the State of Florida, and within Broward County, Florida.

4. The Defendants refused to pay Plaintiffs earned overtime throughout their respective employment periods.

5. By failing to pay overtime wages to Plaintiffs, Defendants have violated the FLSA.

## JURISDICTION

6. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

7. The Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Defendants operate as an organization which sells and/or markets its services and/or goods and/or materials to customers and also provides its services for goods sold and transported from across state lines, and otherwise regularly engages in interstate commerce.

8. The venue of this Court over this controversy is proper based on the claims arising in Broward County, Florida.

## PARTIES

9. At all times material hereto, Plaintiffs were employed by the Defendants as restaurant employees, and performed non-exempt duties on behalf of the Defendant during the material time period.

10. Upon information and belief, the annual gross revenue of Defendant FCA was at all times material hereto in excess of $500,000.00 per annum.

11. By reason of the foregoing, Defendant FCA is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

12. Defendant Brito owns and operates a company for profit in Broward County, Florida, and employ persons such as Plaintiffs to work on her behalf in providing labor for her business.

13. Defendant Brito is within the personal jurisdiction and venue of this Court.

14. At all times material hereto, Defendant Brito managed, owned and operated a company for profit in Broward County, Florida and regularly exercised the authority to control the terms and conditions of Plaintiffs' employment. For example, Defendant Brito had the ability to hire and fire the Plaintiffs, determine the work schedule of the Plaintiffs, set the rate of pay of the Plaintiffs, and control the finances and operations of her business. By virtue of such control and authority, Defendant Brito was an employer of Plaintiffs as such term is defined by 29 U.S.C. § 203(d).

15. All conditions precedent have been completed prior to the filing of this suit.

16. Plaintiffs have retained the law firm of Jonathan S. Minick, P.A. to represent them and have incurred attorneys' fees and costs in bringing this action.

17. Pursuant to 29 U.S.C. §216(b), Plaintiffs are entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION AGAINST FCA AND BRITO

18. Plaintiffs re-allege and incorporate herein by reference all allegations contained in Paragraphs 1 through 17 above.

19. Plaintiffs are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

20. Plaintiffs are owed their overtime rate for each overtime hour they worked and were not properly paid.

21. Defendants knowingly and willfully failed to pay Plaintiffs at time and one half of their regular rate of pay for all hours worked in excess of forty (40) hours per week.

22. Plaintiffs are not exempt from the overtime provisions of the FLSA.

23. The failure of Defendants to compensate Plaintiffs at their given rate of pay for all hours worked is in violation of the FLSA.

24. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

25. As a result of Defendants' willful violations of the Act, Plaintiff are entitled to liquidated damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, joint and severely, for the payment of compensation for all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

## COUNT II
## UNPAID WAGES - §448.08, FLA. STAT. AGAINST FCA

26. Plaintiffs re-allege and incorporate herein by reference all allegations contained in Paragraphs 1 through 17 above.

27. Plaintiffs are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

28. Plaintiffs are owed their overtime rate for each overtime hour worked and were not properly paid.

29. Defendant knowingly and willfully failed to pay Plaintiffs at time and one half of their regular rate of pay for all hours worked in excess of forty (40) hours per week.

30. The failure of Defendant to compensate Plaintiffs at their given rate of pay for all hours worked is a violation of §448.08, Fla. Stat.

WHEREFORE, Plaintiffs demands judgment for back pay, liquidated damages, interest, attorney's fees and costs, and for such other relief to which Plaintiffs may be justly entitled.

## COUNT III
## CLAIM FOR UNJUST ENRICHMENT AGAINST FCA

47. Plaintiffs re-allege and incorporate herein by reference all allegations contained in Paragraphs 1 through 17 above.

48. Plaintiffs earned overtime wages over the course of their employment which remain unpaid by the Defendant.

49. Defendant has failed and refused to make payments to Plaintiffs as required by law.

50. Plaintiffs have retained the undersigned counsel and are obligated to pay a reasonable fee for services.

51. Pursuant to Section 448.08, Florida Statutes, Plaintiffs are entitled to recovery of reasonable attorneys' fees and costs for Defendant's failure to properly pay wages.

WHEREFORE, Plaintiffs demands judgment against Defendant for back pay, liquidated damages, interest, attorney's fees and costs and for such other relief to which Plaintiffs may be justly entitled.

## DEMAND FOR JURY TRIAL

52. Plaintiffs demand trial by jury as to all issues so triable.

Dated:  February 3, 2022

Respectfully submitted,

s/Jonathan S. Minick
Jonathan S. Minick, Esq.
FBN:  88743
E-mail:  jminick@jsmlawpa.com
Jonathan S. Minick, P.A.
169 E. Flagler St., Suite 1600
Miami, Florida 33131
Phone: (786) 441-8909
Facsimile: (786) 523-0610
Counsel for Plaintiff